

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 3, 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 3/6/08

**By Facsimile**

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: United States v. Bolivar Ramirez Tiburcio, 07 Cr. 895 (CM)**

Dear Judge McMahon:

The defendant in this matter is scheduled to be sentenced on March 5, 2008 at 9:30 a.m. The Government respectfully submits this letter in response to the defendant's letter dated February 26, 2008 ("Def. Ltr."). The defendant argues that the Court should impose a sentence at the low end of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range set forth in the United States Probation Department's Presentence Investigation Report, dated January 30, 2008, and addendum dated February 22, 2008 ("PSR") for the following two reasons: (1) the defendant's economic situation; and (2) that the defendant will be deported after serving his sentence and thus the public is adequately protected from his future crimes. The Government respectfully requests that the Court impose a sentence within the Guidelines range of 10 to 16 months' imprisonment as set forth in the PSR, which is sufficient but not greater than necessary to satisfy the legitimate purposes of sentencing.

## BACKGROUND

### A. The Offense

On December 11, 2007, the defendant appeared before Magistrate Judge Theodore H. Katz and pled guilty to a one count indictment, 07 Cr. 895 (CM) (the "Indictment"). Your Honor accepted the defendant's plea on January 16, 2008. (PSR ¶ 2.) The Indictment charged that from at least on or about March 5, 2007, through on or about March 6, 2007, in the Southern District of New York and elsewhere, the defendant did enter and was found in the United States after having been deported from the United States subsequent to a conviction for a felony, without having obtained the express consent of the Attorney General of the United States, or his

successor, the Secretary for the Department of Homeland Security, to reapply for admission. (PSR ¶ 1.)

**B. The Defendant's Criminal History and the PSR**

The defendant has one prior conviction, which results in three criminal history points, and was on parole at the time he committed the instant offense, which results in two criminal history points, for a total of five criminal history points and a Criminal History Category of III. (PSR ¶ 28.) Pursuant to the Guidelines Calculation set forth in the Pimentel letter, the Government had determined the number of criminal history points to be three with a corresponding Criminal History Category of II. (PSR ¶ 2f.) In the Pimentel letter, the Government mistakenly failed to add the two criminal history points because the defendant was on parole at the time he committed the instant offense and thus the calculations set forth in the PSR are the correct Guidelines calculations.[1]

The defendant's conviction resulted from the defendant's June 17, 2003 arrest for which he was charged in New York Supreme Court, Bronx County, with criminal possession of a controlled substance in the third degree. (PSR ¶ 26, 27.) On or about July 9, 2003, the defendant pled guilty to this felony charge and was sentenced to 2 to 6 years' imprisonment and his driver's license was suspended for 6 months. (PSR ¶ 26.) After serving approximately seven months of that sentence, on or about February 26, 2004, the defendant was transferred to immigration custody and was deported on or about March 10, 2004. (PSR ¶ 26.) After having been legally deported, defendant was again arrested by authorities on March 5, 2007, on unrelated charges of

[1] A copy of the Pimentel letter is attached hereto as Exhibit A. The Government's Pimentel letter expressly advised the defendant that the Pimentel letter did not limit the right of the United States Attorney's Office to change its position, and, in any event, was not binding on the Court. (See Ex. A at 3.) Additionally, directly after the defendant confirmed during his plea allocution that he had reviewed the Government's Guidelines calculation as set forth in the Pimentel letter with his attorney, the Court asked the defendant the following question: "Do you understand that that is simply the government's view of your likely sentence and that that is not binding on Judge McMahon?;" and he answered "Yes." (Transcript dated Dec. 11, 2007 ("Plea Tr.") at 8.) The Court then asked the defendant "Do you understand that even if Judge McMahon were to impose a sentence that's more severe than is set forth in that letter that would not be a basis for your withdrawing your guilty plea?;" and he again answered "Yes." (Plea Tr. at 9.) Accordingly, the defendant is in no way prejudiced by the Court's imposition of a sentence within the Guidelines range set forth in the PSR.

distribution of a controlled substance and conspiracy to distribute a controlled substance and was found to have entered the country illegally. (PSR ¶ 31).[2]

The defendant pled guilty to the Indictment after having received discovery from the Government pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and the Government's Pimentel letter setting forth the Government's position on the application of the Guidelines, pursuant to the Second Circuit's suggestion in United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991).

Pursuant to Title 8, United States Code, Section 1326(b)(1), the maximum prison sentence for the instant offense is 10 years' imprisonment. (PSR ¶ 52.) Under the Guidelines, this charge has a base offense level of eight, which is increased by four levels to 12 because the defendant was previously deported after being convicted of a felony. (PSR ¶¶ 14, 15.) Assuming a timely allocution and acceptance of responsibility, a two-level reduction is warranted for an offense level of 10. (PSR ¶ 20.) Based on a total offense level of 10 and a Criminal History Category of III, the Guidelines range calculated by the Probation Department in the PSR is 10 to 16 months' imprisonment. (PSR ¶ 53.) The Probation Department recommends a sentence of 14 months' imprisonment. (PSR at 16.)

## APPLICABLE LAW

### A. The Appropriate Sentence and Application of the Guidelines

Although the Guidelines are no longer mandatory, the Second Circuit has instructed District Courts to consider them "faithfully" when sentencing. United States v. Crosby, 397 F.3d 103, 114 (2d Cir. 2005). The Second Circuit has made clear that "'[t]he guidelines cannot be called just "another factor" in the statutory list, 18 U.S.C. § 3553(a), because they are the only integration of the multiple factors and, with important exceptions, their calculations were based upon the actual sentences of many judges.'" United States v. Rattoballi, 452 F.3d 127, 133 (2d Cir. 2006) (quoting United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006) (en banc)). The Supreme Court recent expressed a similar view in Rita v. United States, 127 S.Ct. 2456 (2007). In concluding that courts of appeals may apply a rebuttable presumption of reasonableness to sentences within the Guidelines range, the Court observed that the advisory Guidelines range reflects the considered judgment of the Sentencing Commission, after examining "tens of thousands of sentences and work[ing] with the help of many others in the law enforcement community over a long period of time" in an effort to fulfill the same objectives set out in Section 3553(a). Id. at 2464. Moreover, because the Guidelines "seek to embody the §

[2]As these charges are pending, they have not been counted in the defendant's criminal history.

3553(a) considerations, both in principle and in practice," the Guidelines "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." Id. at 2464-65.

Under Section 3553(a), the sentencing court must first consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Here, the defendant argues here that he should receive a sentence at the low end of the Guidelines range in light of his impoverished childhood and need to earn money to provide economic support for his children. (Def. Ltr. at 2-4.) The defendant's family circumstances, while difficult, are by no means unique, and, unfortunately, are similar to many other defendants in illegal reentry cases. In addition, the defendant has already received a reduction in his offense level having been granted a two-point reduction in his offense level for acceptance of responsibility under Section 3E1.1(a) of the Guidelines.

The defendant also requests a sentence at the low end of the Guidelines range because, he argues, under Section 3553(a)(2), the public is protected from his future crimes because he will be deported after serving his sentence for the instant conviction. (Def. Ltr. at 6.) Although relied on by the defendant, the Second Circuit in United States v. Wills, 476 F.3d 103 (2d Cir. 2007), rejected this argument. The Court of Appeals explained that deportation is not properly considered under Section 3553(a)(2) because "criminal conduct committed abroad is capable of harming Americans. . . [as does] cross-border effects of drug smuggling initiated by deportees." Id. at 108. Moreover, two of the other objectives of Section 3553(a), specifically, the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, see 18 U.S.C. § 3553(a)(2)(A), and the need to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B), are equally important. Indeed, as the Second Circuit emphasized in Wills, taking into account deportation "would weaken the deterrent effect of punishment [as] [s]ome potential criminals m[ight] consider deportation preferable to imprisonment and would therefore not be as deterred from committing future crimes if they thought they would be deported rather than serve all or part of what should be their appropriate prison term." Id. at 108. The potential increase in crimes due to a decrease in deterrence led the Second Circuit to conclude in Wills that taking deportation into account on sentencing actually could "detract from the Congressional goal of protecting the public." Id. Accordingly, the Government believes that a sentence within the Guidelines range set forth in the PSR is sufficient but not greater than necessary.

**CONCLUSION**

For these reasons, the Government respectfully requests that the Court impose a sentence within the Guidelines range set forth in the PSR, as it is sufficient but not greater than necessary to satisfy the legitimate purposes of sentencing.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: ______________________
Carrie H. Cohen
Assistant United States Attorney
212-637-2264

cc: Steven Witzel, Esq., Attorney for Defendant
(By Facsimile)

# EXHIBIT A



**U.S. Department of Justice**

***United States Attorney***
***Southern District of New York***

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 16, 2007

**By Facsimile**

Jennifer L. Colyer, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004

Re: United States v. Ramirez-Tiburcio
07 Cr. 895 (CM)

Dear Ms. Colyer:

Pursuant to the suggestion of the court in *United States* v. *Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991), this letter sets forth the present position of the United States Attorney's Office for the Southern District of New York (the "Office") regarding the application of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") to this case. Please disregard the Pimentel letter sent on November 9, 2007. The Guidelines provisions in effect as of November 1, 2006, apply in this case. This analysis is set forth for informational purposes only, and forms no part of any plea agreement between the Office and Bolivar Ramirez-Tiburcio, a/k/a "Angel Munoz," a/k/a "Bolivar Ramirez-Tiburci" (the "defendant").

The Indictment (07 Cr. 895) charges the defendant in one count with illegally reentering the United States after having been deported following a conviction for the commission of a felony, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1). Count One carries a maximum sentence of ten years' imprisonment, a maximum term of three years' supervised release, a maximum fine of $250,000, and a mandatory special assessment of $100.

The Government currently believes that the Guidelines apply to the crime charged in the Indictment as follows:

**A. Offense Level**

1. The Guideline applicable to the offense charged in the Indictment is U.S.S.G. § 2L1.2. Pursuant to 2L1.2(a), the base offense level is 8.

2. Pursuant to U.S.S.G. § 2L1.2(b)(1)(D), there is an 4 level increase because the defendant was previously deported after being convicted of a felony.

3. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a).

In accordance with the above, the applicable Guidelines offense level for Count One is 10.

**B. Criminal History Category**

Based upon the information now available to this Office, the defendant has 3 criminal history points, calculated as follows:

1. The defendant was convicted, on or about June 26, 2003, in New York Supreme Court, Bronx County for criminal possession of a controlled substance in the third degree, in violation of New York Penal Law 220.16, for which the defendant received a sentence of 2-6 years imprisonment. Pursuant to U.S.S.G. § 4A1.1(a), this sentence results in 3 criminal history points.

Accordingly, the defendant has a total of 3 criminal history points, which places him in Criminal History Category II.

**C. Sentencing Range**

Based upon the calculations set forth above, the defendant's Sentencing Guidelines range for Count One of the Indictment is 8-14 months' imprisonment.

In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines offense level 10, the applicable Guidelines fine range is $2,000 to $20,000.

The foregoing Guidelines calculation is based on facts and information presently known to the Office. Nothing in this letter limits the right of this Office to change its position at

any time as to the appropriate Guidelines calculation in this case, and to present to the sentencing Judge or the United States Probation Office, either orally or in writing, any and all facts and arguments relevant to sentencing or to the defendant's criminal history category, that are available to the Office at the time of sentencing. Nor does anything in this letter limit the right of this Office to take a position on any departure that may be suggested by the sentencing Judge, the United States Probation Office, or the defendant.

Further, this letter does not and cannot bind either the Court or the United States Probation Office, either as to questions of fact or as to determinations of the correct Guidelines to apply in this case. Instead, the sentence to be imposed upon the defendant is determined solely by the sentencing Judge. This Office cannot and does not make any promise or representation as to what sentence the defendant will receive.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: ______________________________
Carrie H. Cohen
Assistant United States Attorney
(212) 637-2264




# FACSIMILE COVER SHEET

U.S. ATTORNEY'S OFFICE, SDNY
ONE ST. ANDREW'S PLAZA
NEW YORK, NY 10007

Name: Glen Kopp

Telephone No: 212-637-2210

Fax No.: 212-637-2527

Date: 3/3/08

No. pages (including cover sheet): 7

"FOR OFFICIAL USE ONLY" U.S. ATTORNEY FACSIMILE COMMUNICATION

The information contained in this facsimile message, and any and all accompanying documents, constitute "FOR OFFICIAL USE ONLY" information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this information in error, please notify us immediately by telephone at the above number and destroy the information.

To: Alan Haber

Fax No.: 212-347-1506

REMARKS: **US v. Randal Moody**

The J&C is enclosed (missing page 6 of 7)

AO (8/96) Judgment in a Criminal Case 34774/G Ellis

# UNITED STATES DISTRICT COURT
## Southern District of New York

UNITED STATES OF AMERICA
V.
Randal Moody

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: S21 00 CR 00671-005 (JSM)

Alan Haber, Esq.
Defendant's Attorney

**THE DEFENDANT:**

x pleaded guilty to count(s) 1 & 2

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 843(b) | Use of Communication Facility to Facilitate a Felony | 4/00 | 1 |
| 21 USC 843(b) | Use of Communication Facility to Facilitate a Felony | 5/00 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

x Count(s) All open counts ☐ is x are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. Unknown

Defendant's Date of Birth 3/21/82

Defendant's USM No.: 51542-054

Defendant's Residence Address:

115-117E. 119th Street - Apt. 4A

New York, New York 10029

Defendant's Mailing Address:

Same as above

June 20, 2002
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

Hon. John S. Martin, Jr., United States District Judge
Name and Title of Judicial Officer

6/20/02
Date

DEFENDANT: Randal Moody
CASE NUMBER: S21 00 CR 00671-005 (JSM)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of 48 MONTHS ON EACH OF COUNTS 1 AND 2 TO BE SERVED CONSECUTIVELY.

X The court makes the following recommendations to the Bureau of Prisons:
The court recommends that the defendant be placed in a facility as close to the New York area as possible. The court also recommends that the defendant participate in an extensive drug treatment program while in custody.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ______________ ☐ a.m. ☐ p.m. on ______________.

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ______________.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered ______________ to ______________

at ______________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy U.S. Marshal

DEFENDANT: Randal Moody
CASE NUMBER: S21 00 CR 00671-005 (JSM)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ONE YEAR .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Randal Moody
CASE NUMBER: S21 00 CR 00671-005 (JSM)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant is to participate in a drug treatment program with testing as directed by the Probation Department.

The defendant is to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

The defendant is to seek, obtain, and maintain legitimate employment.

Supervision of the defendant is to take place in the district of his residence.

DEFENDANT: Randal Moody
CASE NUMBER: S21 00 CR 00671-005 (JSM)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $ 200 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . . . $ ____________

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ $____________ .

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until ____________ . An Amended Judgment in a Criminal Case will be entered after such determination.

The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **Totals:** | $ ________ | $ ________ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Randal Moody
CASE NUMBER: S21 00 CR 00671-005 (JSM)

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A x In full immediately; or

B ☐ $ ______________ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than ______________ ; or

D ☐ in installments to commence ______ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in ____________ (*e.g., equal, weekly, monthly, quarterly*) installments of $ ________ over a period of ______ year(s) to commence ______ days after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.